**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SURGIMATE, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED UROLOGY GROUP,<br><br>*Defendant*. | Civil Action No.: _________________<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Surgimate, LLC ("Surgimate"), by and through its undersigned counsel, files this Complaint against Defendant United Urology Group ("UUG").

## PARTIES

1. Plaintiff Surgimate is a New York corporation with an address of 2424 Broadway, #124, New York, NY 10024.

2. Upon information and belief, Defendant UUG is a Maryland-based organization with a principal place of business located at 25 Crossroads Dr #306, Owings Mills, MD 21117.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and because complete diversity exists between New York-based Surgimate and Maryland-based UUG.

4. The Court may exercise personal jurisdiction over UUG at least because (i) UUG transacted business within the State of New York, specifically with Surgimate, and this action

arises out of that business; and (ii) UUG agreed to a forum-selection clause designating this Court as the proper forum to resolve the disputes set forth in this Complaint.

5. On August 6, 2021, Surgimate and UUG executed a Surgimate Practice™ Client Purchase Order ("UUG Purchase Order"). *See* Exhibit A. The UUG Purchase Order incorporated Surgimate's Terms and Conditions. *See* Exhibit A (stating in part that "Surgimate's Terms and Conditions apply to and govern all access to and use of Surgimate Practice™ and provision of Professional Services" and that "Customer is deemed to have accepted and agreed to the Terms & Conditions …"); Exhibit B (Terms and Conditions). The Terms and Conditions in effect as of August 6, 2021 state that "each of the parties hereby agree that all controversies based upon[,] related to, arising from or in connection with the subject of this Agreement shall be subject to the sole and exclusive jurisdiction of the competent courts in the City of New York." *See* Exhibit B at 7. This action arises directly from the UUG Purchase Order and the Terms and Conditions incorporated therein.

6. The Terms and Conditions further state that "[t]his Agreement shall be construed in accordance with and governed for all purposes by the law of the State of New York." *See id.*

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to Surgimate's claims occurred and because, as noted above, UUG agreed to a forum-selection clause through its execution of the UUG Purchase Order.

**GENERAL FACTS AND ALLEGATIONS**

8. Surgimate is a SaaS (software as a service) provider that offers a web-based, enterprise surgical orchestration platform, which helps to efficiently manage surgical workflows and related tasks for over a hundred customers, including over 1,500 healthcare providers.

9. On August 6, 2021, the Parties entered into the UUG Purchase Order, through which UUG purchased subscription and professional services relating to Surgimate's proprietary software solutions. *See* Exhibit A.

10. The UUG Purchase Order contains a minimum commitment obligation ("MCO"), in which UUG agreed to "36 months paid commitment of Total Monthly Fee," which was initially $27,200, and which increased to $27,994 beginning November 2021. *See* Exhibit A.

11. This MCO is designed, among other things, to compensate Surgimate for the considerable efforts it took to integrate and onboard UUG to the Surgimate platform, including development of customized and additional features specifically requested by UUG.

12. The UUG Purchase Order also contains a "Termination Period" provision, which states that UUG can terminate with written notice that is effective 120 days after receipt by Surgimate. *See* Exhibit A. However, because the UUG Purchase Order includes the MCO above, UUG "shall pay Surgimate any amounts remaining to be paid under such MCO not later than the effective date of termination." Exhibit B, ¶ 21.

13. On April 7, 2023, UUG informed Surgimate that it was terminating the UUG Purchase Order. This notice terminated the UUG Purchase Order effective as of August 5, 2023.

14. As of August 5, 2023, UUG had not completed its required, minimum payments to Surgimate pursuant to MCO provision in the UUG Purchase Order.

15. As of August 5, 2023, UUG had only paid Surgimate $477,022, although it was required to pay Surgimate an additional $391,516.51 pursuant to the MCO provision of the UUG Purchase Order.

16. Although Surgimate has demanded payment of the remaining $391,516.51 that UUG was required to pay Surgimate under the MCO provision, UUG has refused to pay the amounts that it owes to Surgimate.

17. Surgimate has been damaged by UUG's non-payment.

**COUNT I – BREACH OF CONTRACT**

18. Plaintiff Surgimate incorporates the above paragraphs by reference.

19. Surgimate and UUG entered into the UUG Purchase Order, which was a valid and binding contract.

20. UUG breached the UUG Purchase Order because, notwithstanding UUG's termination of the UUG Purchase Order as of August 2023, it was required to pay Surgimate the monthly MCO for the entire duration of the UUG Purchase Order (i.e., through August 2024) on the date of termination (i.e., August 5, 2023). UUG has failed to make those MCO payments.

21. Surgimate performed all of its obligations under the UUG Purchase Order and the Terms and Conditions incorporated by reference into the UUG Purchase Order.

22. As a direct and proximate result of UUG's breach of contract, Surgimate has suffered damages in the amount of $391,516.51.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Surgimate hereby demands judgment in its favor and against UUG as follows:

A. For compensatory damages in the amount of $391,516.51 for UUG's breach of contract.

B. Reasonable costs, fees, expenses, and interest, as provided by law; and

C. Any and all other monetary or equitable relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff Surgimate hereby demands a trial by jury on all issues so triable of right.

Dated: February 7, 2024

By: __*/s/ Edward L. Tulin*____________

Edward Tulin (Bar No. 4489142)
Joel Lin (Bar No. 5447990)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-2332
edward@gishpllc.com
joel.lin@gishpllc.com

*Counsel for Plaintiff*